## HOLM v. HOLM.

No. 2517.   Decided March 11, 1914 (139 Pac. 937).

1. JUDGMENT—NECESSITY FOR FINDINGS OR ISSUES. The court cannot properly proceed to judgment till findings are made on all the issues.[1]   (Page 244.)

2. APPEAL AND ERROR—DISPOSITION OF CASE—EQUITY CASE. The appellate court may, in an equity case, on an appeal on questions of law and fact, review the record, approve or disapprove the findings, or modify them or make or direct findings, or, if the judgment is not affirmed, remand the case for further proceedings.   (Page 244.)

3. DIVORCE—"HABITUAL DRUNKENNESS." To constitute "habitual drunkenness" as ground for divorce, there must be a confirmed habit of drunkenness; being occasionally drunk does not constitute it.   (Page 245.)

4. DIVORCE—ADULTERY—SUFFICIENCY OF EVIDENCE. Before adultery, as ground for divorce, is found, the charge should be sustained by very clear and satisfactory proof.   (Page 245.)

--------

[1] Implement Co. v. Cleaveland, 32 Utah, 5, 88 Pac. 670; Everett v. Jones, 32 Utah, 489, 91 Pac. 360; Mitchell v. Jensen, 29 Utah, 346, 81 Pac. 165.

5. DIVORCE—CRUELTY. Cruelty of a wife, causing great mental distress, constituting ground for divorce, is established by a showing of her transferring her affections to another, stating this to others, and refusing to discontinue her manifestations of friendship for him and her visits and associations with him. (Page 245.)

6. DIVORCE—CUSTODY AND SUPPORT OF CHILDREN. Though divorce is granted the husband, custody of the children will be temporarily given to the mother, and the husband will be required to contribute to their support; the interest of the children being thus best subserved. (Page 247.)

APPEAL from District Court, Third District; *Hon. George G. Armstrong,* Judge.

Action by Mary Holm v. Jacob Holm for divorce.

Decree for plaintiff. Defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*Dey, Hoppaugh & Fabian,* and *Cheney, Jensen & Holman* for appellant.

*F. B. Scott* for respondent.

STRAUP, J.

This is an action for divorce. The grounds alleged by the plaintiff are failure to provide and habitual drunkenness. The defendant answered, denying these allegations and counterclaimed on grounds of adultery and cruelty. The plaintiff replied, denying the counterclaim. Evidence was adduced by both parties with respect to all these issues. Most of it relates to the issues presented by the counterclaim. Upon a submission of the case the court announced, "I will grant a divorce" to the plaintiff. Counsel asked what the finding would be on the adultery charge. The court replied: "Well, I won't order a finding of adultery." Further inquiry was made: "Is the divorce granted on both drunkenness and failure to provide?" The court replied: "No;

failure to provide, but not on the. ground of drunkenness." The court then directed counsel for plaintiff to prepare findings and a decree. Findings were prepared and made on the issue alone of failure to provide. No findings were made on any of the other issues. A decree was made granting the plaintiff a divorce in conformity with the finding and dismissing the counterclaim. The minor children, four of them, from one to eight years of age when the complaint was filed, were awarded to the plaintiff, the defendant ordered to pay twenty dollars a month for the support of the children and the plaintiff, and seventy-five dollars attorney's fee, and costs.

The defendant appeals. He urges error: (1) For want of findings on all the issues; (2) insufficiency of the evidence to support the finding of failure to provide, the only ground on which the divorce was granted; (3) dismissing the counterclaim.

The error as to the first is apparent. Of course the court could not properly proceed to judgment until findings were made on all the issues. We held that several times. (*Implement Co. v. Cleaveland,* 32 Utah, 5, 88 Pac. 670; *Everett v. Jones,* 32 Utah, 489, 91 Pac. 360; *Mitchell v. Jensen,* 29 Utah, 346, 81 Pac. 165.)

So, too, must the second assignment be sustained. There is no sufficient evidence to support the finding on failure to provide.

Now, what disposition ought to be made of the case? All the evidence is before us. Both parties urge that we review it and either make or direct findings on the issues not found, the plaintiff insisting that she, on the evidence, if not entitled to a decree on the ground of failure to provide, is nevertheless entitled to a finding in her favor on the issue of habitual drunkenness and a decree on that ground; the defendant disputing that, and insisting that he is entitled to findings on the issues presented by the counterclaim and a judgment on those grounds. In an equity case, on an appeal on questions of both law and fact, we may review the record, approve or disapprove the findings, or

modify them, or make or direct findings, or, if the judgment is not affirmed, remand the case for further proceedings. The real issues tried were those upon which no findings were made. Nearly the whole of the evidence relates to them. But little evidence was given on the only issue found, and that is insufficient to support that finding.

The case, briefly, is this: The plaintiff and defendant intermarried in 1903. Four children were born them as a result of the marriage, who, when the complaint was filed, were from one to eight years of age. The parties have not very high ideals nor standards of morals. They lived at a mining camp, where it was common for those living in a similar station of life as they to drink beer. There is evidence that the defendant, who drank beer off and on before and since the marriage, at times drank to excess, and occasionally got drunk and misbehaved in such respect. But we do not think the preponderance of the evidence shows him to have been an habitual drunkard. And while the evidence shows him to have been guilty of marital misconduct in that respect, the preponderance of it does not show him guilty of "habitual drunkenness," a confirmed habit of drunkenness, the essential to be shown to grant a divorce on such ground. It was not his drinking of intoxicants that occasioned the real trouble between them. He drank no more the last year or two they lived together than before.

The defendant worked in a mine. For several years prior to the filing of the complaint the plaintiff, at their home, kept boarders. No serious trouble arose between them until about a year prior to the filing of the complaint. It grew out of relations between the plaintiff and one of the boarders, the man with whom it is alleged she committed adultery. The record shows considerable evidence of misconduct on her part and undue familiarity with the boarder. It gave rise to disputes and quarrels between the plaintiff and the defendant. There is no direct evidence that she committed adultery with him. There are, however, facts and circumstances from which such act may be in-

ferred. But she and the boarder denied the act and most, but not all, of the facts and circumstances shown against them. Let it suffice by saying that the evidence as to that issue is in conflict We find that the defendant has not, by a clear preponderance of the evidence, sustained the burden as to that charge—a charge which, before it is found, ·ought to be sustained by very clear and satisfactory proof. But we think he has sustained the burden as to the charge of ·cruelty causing great mental distress. The record discloses that the plaintiff by matrimonial misconduct transferred her affections from her husband to the boarder, was unduly and unwomanly familiar with and attentive to him, sought his ·company and he hers, against the defendant's consent visited places of public amusements with him, and otherwise associated with him and entertained him at her home in her husband's absence, disregarded the rights and wishes of the ·defendant in such respect, refused his companionship and ·association, treated and regarded him with indifference, ac-·cepted gifts and presents from the boarder, stated to her friends that she thought more of the boarder than she did of her husband, and, notwithstanding his requests and demands, refused to discontinue her manifestations of frienship to-·ward and her visits and associations with the boarder, and herself testified she was not sorry when her husband left her. As to be expected from all this, contentions and quarrels followed between the plaintiff and the defendant and the defendant and the boarder. In all of them she took the boarder's part and defended him. Finally, as a result of a quarrel, the defendant left his home and lived apart from his wife. This suit was commenced shortly thereafter, the boarder going with the plaintiff to her attorney's office for that purpose. We think the record presents a case of cruelty causing great mental distress, and that the defendant, though not ·entirely blameless on account of his occasional excessive indulgence of intoxicants, is nevertheless entitled to a decree.

The difficult question is, What disposition ought to be made of the children, the oldest now between nine and ten and the youngest between two and three? Regardless of the

question of whether the defendant's legal right to their custody is paramount to that of the plaintiff, we think their interest, because of their youth, is best subserved with the mother, at least temporarily. Were they now awarded to the defendant, we do not see what he could do with them, nor how he could take care of them. They need a mother's attention. He has no means or income except his earnings. We think they should be awarded to her until the further order of the court. This not because she has a better right to their custody, but because it is to their best interest to leave them with her. But she must hold them, and must herself be, amenable to the further orders and processes of the court with respect to their custody, and must allow the defendant, on proper occasions and at reasonable hours, to see and visit with the children. The defendant, of course, should not be relieved from his obligations to support them. The children should not be made to suffer for the wrongs or misdeeds of their parents. The defendant's earning capacity is from sixty-five dollars to seventy-five dollars a month. Out of that he must pay his own board and room and clothes and other necessary expenses. He ought to pay twenty-five dollars a month toward the support of the children, and ought to pay that to the plaintiff for that purpose, until the further order of the court. These payments ought to commence from the 1st day of January, 1914; and, if the defendant has not paid anything towards the support of the children since the filing of the complaint, he ought to be required to pay an additional sum of one hundred dollars for that purpose. The only property which the parties had is their home, in which they had an equity amounting to only several hundred dollars. The court awarded that to her until the further order of the court. We think that order should stand. We do not think the plaintiff is entitled to any further alimony, nor are we disposed to require the defendant to pay an attorney's fee for the plaintiff. We think in that respect each party should pay his own attorney. Nor may the plaintiff pay her attorney out of any moneys received from the defendant. That must all be applied to-

wards the support of the children. The defendant ought to pay all other costs.

So let the order that the judgment of the court below is reversed, and the cause remanded, with directions to make findings and conclusions and a decree in accordance with the views herein expressed. It is so ordered.

McCARTY, C. J., and FRICK, J., concur.