## BAKER v. HATCH, Sheriff, et al.

.No. 4524. Decided June 13, 1927. (257 P. 673.)

1

2

*Ray Van Cott*, of Salt Lake City, and *Sterling K. Keppler*, of Richfield, for appellant.

*J. H. McKnight*, of Salt Lake City, for respondents.

HANSEN, J.

This is a suit in equity wherein the plaintiff seeks to enjoin the defendants from taking into their possession and selling about 200 head of cattle. The pleadings contain the following admitted facts and issues:

It is alleged by the plaintiff and admitted by the defendants: That the defendant Melt Hatch is, and at all times mentioned in the complaint has been, the sheriff of Garfield county, Utah; that Melt Hatch as such sheriff will, unless restrained by order of court, take possession of 200 head of cattle mentioned in plaintiff's complaint and remove them from the range on Henry mountains and out of the possession of the plaintiff for the purpose of selling said cattle on behalf of E. J. Van Winkle, one of the defendants herein; that said Melt Hatch, as such sheriff, intends to and will, unless restrained, so take possession of said cattle and sell the same under and by virtue of a purported or attempted foreclosure proceeding in the district court of Sevier county in an action pending wherein E. J. Van Winkle is plaintiff and Edward Wilcox and Don L. Liston are defendants; that said suit was begun January 17, 1922, upon a promissory note in the sum of $5,500, and for the foreclosure of a chattel mortgage covering the cattle described in plaintiff's complaint; that the plaintiff herein was not made a party to said suit in foreclosure; that the cattle involved in this foreclosure are worth at least $3,000.

The plaintiff alleges and the defendants deny that the plaintiff is and at all times mentioned in the complaint was, the owner of and entitled to the possession of the 200 head of cattle, more or less, involved in this proceeding, which cattle are particularly described in the plaintiff's complaint; that plaintiff purchased the cattle in controversy from Eu-

gene Baker about September 30, 1919, and ever since has been and still is entitled to and is in the possession of said cattle; that defendant E. J. Van Winkle did not record his mortgage upon the cattle prior to the date that plaintiff purchased said cattle; and that the plaintiff acquired the said cattle without any knowledge or notice whatsoever of any chattel mortgage upon said cattle in favor of said E. J. Van Winkle. Defendants allege affirmatively that E. J. Van Winkle has at all times mentioned in the complaint had a good and valid chattel mortgage upon the cattle, and that plaintiff at all times had both actual and constructive notice thereof, and that defendant E. J. Van Winkle has a valid judgment of foreclosure of such chattel mortgage and was and is proceeding under such judgment in levying upon said cattle. The plaintiff further alleges, and the defendants deny, that if the defendants are permitted to gather or round up said cattle and remove them from the range where they are now running, it will result in the death of many of said cattle because they are poor and underfed; that an action at law is wholly inadequate because the defendants are not able to respond in damages to the plaintiff for the value of said cattle; that except as set forth in the complaint the defendants have no right, claim or interest in said cattle and have no right or claim whatsoever to the possession thereof.

The plaintiff prays judgment against the defendants for an order restraining and enjoining them from taking said cattle into their possession and from interfering with plaintiff's possession thereof, and for general relief and costs. The defendants pray judgment that plaintiff's complaint be dismissed, for general relief, and for costs.

Upon a trial of the issues before the court sitting without a jury the court made the following findings of fact: "(1) That all of the material allegations of the complaint are false; (2) that the plaintiff Frank Baker, is not the owner of the cattle described in the complaint." No other or additional findings of fact were made. Upon these findings of

fact the court entered conclusion of law and decree in favor of the defendants and against the plaintiff. In the decree it was ordered, adjudged, and decreed that the plaintiff, Frank Baker, be perpetually enjoined from in any way or manner interfering with the defendants in the sale of said cattle or executing the order of court theretofore made for the sale of the same on execution.

The plaintiff appeals and assigns as error: (1) That the findings of fact are not supported by the evidence but are contrary to and against the evidence; (2) that the so-called findings of fact are mere conclusions; (3) that the findings of fact do not find upon any material issue and do not find upon all the material issues raised by the pleadings; and (4) that the conclusion of law is not supported by the findings of fact and is contrary to and against the law and that the decree is not supported by sufficient findings of fact and conclusions of law and is contrary to and against the law.

We are of opinion that the court erred in its finding "that all the material allegations of the complaint are false." The answer admitted a number of the allegations of the complaint, and the trial court was bound to find as facts those facts alleged by the plaintiff and admitted by the defendants. The so-called finding of fact is a mere conclusion and insufficient. *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 546, 118 P. 564; *Munsee v. McKellar,* 39 Utah, 282, 116 P. 1024; *Monetaire M. Co.* v. *Columbus Rexall Con. M. Co.,* 53 Utah, 543, 174 P. 172.

The evidence in this case shows without conflict these facts: That Eugene Baker sold the cattle to plaintiff in September, 1919, and that at the time of purchase plaintiff took possession of the cattle and continued in possession until some time in August, 1924, at which time they were placed in the care and custody of Eugene Baker; that Eugene Baker took possession of the cattle in August, 1924, but plaintiff did not inquire about them, nor did

plaintiff ask for or receive any accounting of the proceeds of said cattle, but the cattle were left in the exclusive care and control of Eugene Baker up to the time of the trial. Plaintiff, however, testified that he had an agreement with Eugene Baker by the terms of which Eugene Baker was to account to plaintiff for the cattle and the proceeds derived from the sale thereof. Under date of February 16, 1921, the plaintiff executed and delivered to Eugene Baker a chattel mortgage upon the cattle in question to secure, said Eugene Baker from loss in the payment of three promissory notes aggregating the sum of $7,469.50. The notes were the obligations of the plaintiff herein, but Eugene Baker signed the notes with the plaintiff. The mortgage so executed by the plaintiff to Eugene Baker contains, among others, these provisions:

"The property above mentioned shall remain in the possession of the mortgagor until default be made in the payment of the debt and interest aforesaid, or some part thereof; but in case default shall be made in the payment of the principal or interest of either of said notes, or in case of a sale or an attempt to sell said or any part of said mortgaged property, or in case of a removal or an attempt to remove said or any part of said cattle from Garfield county, Utah, or in case of a violation on the part of the mortgagor of any covenant in this mortgage contained, then the mortgagee may declare the entire indebtedness due and payable, and the mortgagee may take said or any part of said property in his possession and for such purpose may enter the premises of the mortgagor and take and carry away said property or any portion thereof. And upon taking possession of said property, either in case of default or as above provided by reason of. the violation of any of the items of this mortgage, the said mortgagee shall sell the same at public auction as provided by the laws of the state of Utah. And out of the proceeds arriving from such sale, shall pay, first the costs and expenses of foreclosure, second the amount of the mortgage debt remaining unpaid, and reasonable attorney's fee for foreclosure, and the remainder, if any, to the mortgagor. The mortgagee may also institute an action in court to foreclose said mortgage for the entire debt unpaid.

"If, for any reason, the said property shall not be sufficient to pay the said debt, interests and costs and expenses, the mortgagor agrees to pay the deficiency."

The mortgage was duly witnessed, acknowledged, and verified as required by law, and was filed and also recorded in the office of the county recorder of Garfield county, Utah, a few days after it was executed.

At the time of the trial in the court below the plaintiff herein had not paid the notes mentioned in the mortgage. Eugene Baker was not a party to either this cause or the suit in foreclosure wherein the defendant herein, E. J. Van Winkle, was plaintiff. The plaintiff therefore had an interest in the cattle in controversy at all times mentioned in the complaint unless he conveyed an absolute title to Eugene Baker. The findings of fact are silent as to any such conveyance or the terms thereof, or the time, if at all, when such transfer was made. If the plaintiff was the owner or entitled to the right of possession of the cattle against the claims of the defendant E. J. Van Winkle at the time this suit was brought, and thereafter such ownership or right of possession, or both, were transferred by the plaintiff to Eugene Baker, it would not defeat the suit. Comp. Laws Utah, 1917, § 6513, provides:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court on motion may allow the action or proceeding to be continued by or against his representative or successor in interest. In the case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

The defendant E. J. Van Winkle, neither in his pleadings nor by his evidence, claims to be owner of the cattle, but he claims, as we understand, a prior and superior lien to any valid claim held by the plaintiff. Even though it should be found that the legal title to the cattle was in Eugene Baker, at the time suit was brought and thereafter, still, if the plaintiff is entitled to retain the possession of said cattle and have the same sold and the proceeds applied to the payment of the notes secured by the

mortgage held by Eugene Baker, the plaintiff would be entitled to succeed in this case. The fact that plaintiff may or may not be at any given time the owner of the cattle in question is therefore by no means of controlling importance. Much less can it be said that a finding ■ "that the plaintiff Frank Baker is not the owner of the cattle described in the complaint" be said to be a finding upon all of the material isues raised by the pleadings in this case. It will be observed that this finding is in the present tense. The record shows that the complaint was filed April 24, 1925. An amended answer was filed by the defendants on February 12, 1926, and the findings of fact, conclusion of law, and decree were signed on May 22, 1926. It may be, as contended for by appellant, open to doubt whether the finding last quoted is a finding upon any material issue in this case. We, however, do not wish to base this opinion upon the technicality of the finding being in the wrong tense. As we understand the issues, the plaintiff claims to be the owner of and entitled to the possession of the cattle as against any and all claims of the defendant E. J. Van Winkle, while E. J. Van Winkle claims that he has a lien superior to any right that the plaintiff has in or to the cattle, and that by reason of such superior right he contends that he may take the cattle out of the possession of the plaintiff and sell the same to satisfy his claim.

There are no findings of fact from which a conclusion can be drawn as to which of the parties to this case has the superior claim to the cattle or right of possession thereof, and therefore the court's findings do not ■ sustain the conclusion of law or decree. It is the duty of the trial court to find upon all material issues raised by the pleadings, and the failure to do so is reversible error. *Mitchell* v. *Jensen,* 29 Utah, 346, 81 P. 165; *Everett* v. *Jones,* 32 Utah, 489, 91 P. 360; *Dillon Imp. Co.* v. *Cleveland,* 32 Utah, 1, 88 P. 670; *Holm* v. *Holm,* 44 Utah, 242, 137 P. 937; *Snyder* v. *Allen,* 51 Utah, 291, 169 P. 945; *Hillyard* v. *Dist. Court* (Utah) 249 P. 806.

Appellant urges that this court make its own findings in favor of appellant, and likewise respondents urge that this court make its own findings, if additional findings are deemed necessary, in favor of the respondents. It is true that in equity cases this court has the right to make its own findings of fact. Comp. Laws Utah, 1917, § 6995. Where the evidence is not in conflict or greatly preponderates one way or the other, this court has not infrequently made its own findings. Where, however, the evidence is in direct conflict, an appellate court may well hesitate to make findings without the aid and benefit of the findings of the trial court. The duty to make findings rests primarily upon the trial court. It has the advantage of seeing and hearing the witnesses, and from their appear- ance, manner, and conduct while testifying is in a better position to determine the weight that should be given to the testimony than is an appellate court. In this case it appears that the trial was had principally upon the issue of whether or not the plaintiff was the owner of the cattle, whereas, as hereinbefore held, this issue is not controlling in this case. Then, also, it appears that Eugene Baker may have a substantial interest in the cattle in controversy, and it may well be that he is a necessary party to a proper determination of this cause. We are therefore of the opinion that the judgment herein should be and the same is reversed, and the cause is remanded to the district court, with directions to grant a new trial; appellant to recover his costs on appeal.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, J.J., concur.