## PIKE v. CLARK et al.

No. 5892.   Decided June 9, 1938.   (79 P. 2d 1010.)

*Christenson, Straw & Christenson,* of Provo, for appellant.

*Brockbank & Pope,* of Provo, for respondents.

MOFFAT, Justice.

Plaintiff and appellant seeks by this action to recover a judgment upon a promissory note in the principal sum of $3000.00, dated May 12, 1931, due on or before five years after date, with interest at the rate of 7 per cent per annum. The note contained an acceleration clause providing that the holder may declare the whole sum due for failure to pay interest as it accrued. The note was given for money loaned.

There are allegations seeking to have a mortgage reformed and then foreclosed. It is alleged that a mortgage was intended to be given to secure the payment of the note, written, and to all appearances except for the signatures of the mortgagors, would have sufficiently identified itself as such instrument. The issue with respect to the mortgage was found against plaintiff and no question with respect thereto is presented on this appeal.

The court found in favor of plaintiff as to the execution, delivery and consideration of the note. Two additional findings were made by the court. We set them out verbatim and before the defenses presented by the answer. They are:

"3. The court further finds that the defendant Dean A. Clark paid upon the note made and executed by himself and Alma Clark, the following amounts: August 11, 1931, $25.00; August 28, 1931, $36.05; August 28, 1931, $78.95. The Court further finds that said defendants are entitled to receive credits as payments on said note for services of the defendant Dean A. Clark as pharmacist in operating the St. George Drug Store at St. George, Utah, as follows: $350.00 plus $12.30 interest for year 1930; $1400.00 for year 1931; $354.75 for year 1932, and $1000.00 for year 1933.

"4. That the court finds that said note together with interest thereon has been paid in full by the said Defendant Dean A. Clark and there became due and owing Dean A. Clark for services rendered to the St. George Drug Store to the 1st of September, 1933, the sum of $6.15 which said amount was paid by the said Dean A. Clark in excess of the amount necessary to pay said note in full."

Assignments of error attack these findings upon the grounds that they are not findings of fact, but are conclusions, and that whether regarded as facts or conclusions,

there is no evidence in the record sufficient to warrant such findings of fact or conclusions. Other assignments are made as to errors of admission of certain statements into the evidence and others because of failure to find upon certain issues presented by the pleadings.

The defendants' answer and counterclaim are in two counts. The first claims an employment by plaintiff of defendant Dean A. Clark at a salary of $150.00 per month from the first of January, 1930, to the first of September, 1933, and performance of the services as claimed (i. e., that of operating as registered pharmacist and manager of a drug store at St. George, Washington County, Utah), and failure to pay therefor. It is alleged:

"* * * beginning the 1st day of January, 1930, and ending the 31st day of December, 1930, the sum of $1800.00, no part of which was paid to the defendant by the plaintiff, except the sum of $11.50; that there became due and owing to the defendant, Dean A. Clark, by the plaintiff for services as pharmacist in operating said drug store for the year 1931 beginning the 1st day of January, 1931 and ending the 31st day of December, 1931, the sum of $1800.00, no part of which was paid to the defendant by the plaintiff, except the sum of $100.00; that there became due and owing to the defendant, Dean A. Clark, by the plaintiff for services as pharmacist in operating said drug store for the year 1932 beginning the 1st day of January, 1932, and ending the 31st day of December, 1932, the sum of $1800.00, no part of which was paid to the defendant by the plaintiff, except the sum of $1145.25; that there became due and owing to the defendant, Dean A. Clark, by the plaintiff for services as pharmacist in operating said drug store from January 1st, 1933, to the 1st day of September, 1933, the sum of $1200.00 no part of which has ever been paid to the defendant."

The second count of the answer and counterclaim alleges employment of Dean A. Clark by plaintiff at her instance and request, and the performance of services in operating and managing the drug store at a reasonable monthly salary, and that the reasonable value of the services was the sum of $150.00 per month. Pleadings and proof establish the claim of plaintiff upon the promissory note.

By reply plaintiff put in issue the alleged claims presented by defendants' answer and counterclaim by general denial

and the further assertion that the counterclaims were barred by the statute of limitations, timely pleaded. The court made no finding upon the issue thus presented. This was error. In the case of *Baker* v. *Hatch, Sheriff*, 70 Utah 1, 257 P. 673, this court restated the law as follows, at p. 9 of the Utah Report, at page 676 of 257 P.:

"It is the duty of the trial court to find upon all material issues raised by the pleadings, and the failure to do so is reversible error. *Mitchell* v. *Jensen*, 29 Utah 346, 81 P. 165; *Everett* v. *Jones*, 32 Utah 489, 91 P. 360; *Dillon Imp. Co.* v. *Cleaveland*, 32 Utah 1, 88 P. 670; *Holm* v. *Holm*, 44 Utah 242, 139 P. 937; *Snyder* v. *Allen*, 51 Utah 291, 169 P. 945; *Hillyard* v. *District Court* [68 Utah 220], 249 P. 806."

Plaintiff, at the close of her evidence and also at the time defendants rested, moved to require defendants to elect as to whether they chose to stand upon their claim of an express contract, claiming an employment at a salary of $150.00 per month, or upon a quantum meruit for the reasonable value of services rendered. The two counts were not inconsistent. Both were for services rendered, one for a specific amount upon an express contract; the other for the reasonable value of the same services. They could not succeed on more than one count. An election may not be compelled under such a situation. The syllabus of a California case which reflects the holding of the court in the case of *Remy* v. *Olds*, 88 Cal. 537, 26 P. 355, reads as follows:

"1. Under Code Civil Proc. Cal. § 427, subd. 1, there may be joined in a single action a claim for damages for defendant's breach of his obligations under a certain contract, and a quantum meruit for the performance by plaintiff of his obligations under the same contract."

Bancroft's Code Pleading, Sec. 655, on page 944, provides:

"Under the code practice a count for quantum meruit may be joined with one upon an express contract. Such counts are not inconsistent, and an election cannot be ordinarily compelled between them."

The following cases are cited in support of the text:

"*Willard* v. *Carrigan*, 8 Ariz. 70, 68 P. 538; *Estrella Vineyard Co.* v. *Butler*, 125 Cal. 232, 57 P. 980; *Cowan* v. *Abbott*, 92 Cal. 100, 28

P. 213; *Sessions* v. *Pacific Imp. Co.*, 57 Cal. App. 1, 206 P. 653; *Berry* v. *Craig*, 76 Kan. 345, 91 P. 913; *Mellon* v. *Fulton*, 22 Okl. 636, 98 P. 911, 19 L. R. A. (N. S.) 960; *Holm* v. *Chicago, etc., Ry. Co.*, 59 Wash. 293, 109 P. 799."

It was not error to refuse to require defendants to elect to stand upon one or the other of the counterclaims. Errors as to questions asked and objected to or answers permitted need not be discussed. They were unimportant.

The court failed to find the amount due upon the promissory note. A comparison of the allegations of the counterclaims above quoted with the findings of the court reveals a failure to find whether the amounts for which the defendants were entitled to receive credits on the note were for a specified amount per month or otherwise, or upon an express contract or for the reasonable value for services rendered, or the period of service, or other essential facts necessary to support a judgment. Findings should have been made upon the issues presented by the counterclaims.

A careful examination of the record fails to disclose any evidence that the defendant was ever employed at a salary of $150.00 per month. Any other specific sum is more or less uncertain; nor does the record disclose any proof that $150.00 per month was the reasonable value of the services rendered. No time for which the services were rendered and for which payment was or was not made is found. The counterclaims allege that the employment began on the 1st day of January, 1930, and terminated on the 1st day of September, 1933, and that certain amounts were paid and certain balances due. The account, as it may be pieced together from the testimony of the plaintiff and the defendant, Dean A. Clark, goes back to about 1919, when the defendant, convalescing from a serious illness, and upon invitation, entered the home of Dr. and Mrs. Pike, the latter being the plaintiff in this case. The defendant continued to reside with Dr. and Mrs. Pike until the doctor's

death. Dr. Pike died in 1923 and the drug store at St. George became the property of plaintiff, Hannah C. Pike, who is the sister of defendant, Dean A. Clark. Just what arrangement existed between Dr. Pike and Dean A. Clark is left in uncertainty.

It is stated in the evidence that Clark was to receive from Dr. Pike the sum of $75.00 per month and board and room. It is also stated that he was to continue upon the same terms after as before Dr. Pike's death. It is claimed he was to receive $150.00 per month; no board or room mentioned. Other claims also appear, not capable of harmonizing. Not long after the Doctor's death, Clark married and moved into the home of Dr. and Mrs. Pike, the latter apparently going to California for a time. Clark and his wife continued to occupy the home of Mrs. Pike until about the time of the commencement of this action or shortly before. Nothing is said about rent. It is a matter of speculation as to the business relationship between Mrs. Pike and Mr. Clark. Mrs. Pike states that she said to Clark that he should continue to operate the drug store as before Dr. Pike's death, and that he should have a one-third interest therein. Sometime later, about 1924, there appears to have been a leasing arrangement. Mr. Clark's records show that for a period of about one year he paid "on lease" one hundred dollars per month. It is shown that his book entries continue to indicate lease payments at lesser amounts until after the execution of the note in question.

At times Clark seems to claim to have been the owner of one-third interest in the drug store; at others, a two-thirds interest; at others, to have been operating under a lease; at others, to have had an option to buy. At times he claims that he never had any communication whatever with Mrs. Pike after the first conversation, shortly after Dr. Pike's death in 1923, until November, 1933; at others, he claims there were other agreements as to operations but no change as to salary. Manifestly, if there was a period when he leased the store such relationship would be inconsistent with

and terminate any employment status. His partnership claims would likewise preclude the continuation of the first alleged agreement. Clark's testimony is so wobbly, uncertain, and shifting from premise to premise and theory to theory, as to render it of no value in support of his alleged counterclaims. It appears to be a series of feeble attempts to develop some means whereby the claim on the promissory note may be defeated. We are of the opinion that the defendants failed to support the allegations of the counterclaims by any material, substantial, competent evidence, except the three payments of, respectively, $25.00, $36.05 and $78.95, and these were admitted as having been received by plaintiff; but as to whether the three sums were for payments on the note or for some other account, she does not seem to know.

The note for three thousand dollars was given May 12, 1931, and defendants admit receiving the money represented by the written instrument. There is no evidence in the record that any other or different contract of employment was entered into by the parties after the execution of the note, and no claim of payment other than the three items and the claimed offset for alleged unpaid salary.

The varying relations of the parties from 1923 until this controversy arose, and the uncertainty as to what was said and done, makes it impossible to identify any definite contractual relation, either as to the ownership or the basis of operation of the drug store property. Clark does not seem to know anything definite. Defendants' counterclaims must therefore fail.

The judgment of the trial court is reversed and the cause is remanded for a new trial. Appellant to recover costs.

FOLLAND, C. J., HANSON, and WOLFE, JJ., and HOUGAARD, District Judge, concur.

LARSON, J., being disqualified, HOUGAARD, District Judge, sat in his stead.