## GENOLA TOWN v. SANTAQUIN CITY et al.

No. 5983. Decided December 24, 1938. (85 P. 2d 790.)

For former opinion, see 96 Utah 88, 80 P. 2d 930.

*Irvine, Skeen & Thurman,* of Salt Lake City, and *Geo. S. Ballif,* of Provo, for appellants.

*Elias Hansen,* of Salt Lake City, and *R. W. McMullin,* of Payson, for respondent.

PER CURIAM.

The opinion of this court as heretofore rendered does not hold that a municipal corporation may directly or indirectly sell, alienate, or dispose of any of its water rights or sources of water supply or that it may exchange any of its water rights or sources of water supply which it has for culinary purposes, or the public supply of its inhabitants, for water to be used for other than the public supply of its inhabitants. What we do hold is that a municipal corporation may exchange some of its water rights or water supply, even in constant flow, for other water or water rights, suitable for culinary and municipal purposes, even though the same may be received in intermittent flow, if the same may be devoted to culinary and municipal uses, when its value for such uses is equal to the value for such uses of the water with which the city parted; that is, if the water received will effectively serve such uses when devoted to the public supply of the inhabitants.

Does the opinion hold that essential findings of fact, not made by the court, can be implied from other findings and therefore considered as facts found? What was meant to be said was that from finding 16 it must necessarily have been implied that the exchange was of equal value because it was found to be an exchange. (Finding 17.) It would necessarily have to meet the requirements of the proviso of Section 6, Article 11 of the Constitution, to wit: That the water rights received were of equal value to those given and the waters received were of equal value and were to be used for the public supply of the inhabitants of Santaquin. It would seem useless to send down a record to have put in black and white such finding which was the only finding which could have been made consistent with the judgment and findings 16 and 17 when such find-

ing is before us by necessary implication. This is not the case where a finding is missing which, if supplied, might support a judgment different from that rendered. Where a finding is missing which if supplied would, be in harmony with all the other findings and with the judgment and would necessarily be of a definite and obvious import, and could be implied from the other findings, the record will not be sent back merely to supply the omission.

With these observations, the petition for rehearing is denied.