# DAHL v. CAYIAS.

No. 6947.   Decided November 20, 1946.   (174 P. 2d 430.)

See 43 C. J., Injunctions, sec. 26; 3 Am. Jur. 666.

*Roberts & Roberts,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* of Salt Lake City, for respondent.

PRATT, Justice.

This controversy arises over the alleged encroachment upon plaintiff's property of a retaining wall erected by defendant. Plaintiff and defendant are adjoining lot owners each having a home upon his lot and between the two houses there are 6'2" of plaintiff's land and 2'6" of defendant's land. This strip of land was used as a driveway between the places at one time; neither party, however, under the issues of this case claimed a right to use the other party's land for that purpose.

The lots were upon a slight hill with defendant's lot above that of plaintiff. Something over twenty years ago, plaintiff leveled off his 6'2" into a driveway for his own use, and defendant then built the retaining wall to support his 2'6" of land and filled in the ground behind that wall to level off his land.

The gist of plaintiff's cause of action is found in the 4th, 5th and 6th allegations of his complaint. They read:

"4th. That after defendant came into possession of his property he proceeded to erect a retaining wall on the West side of his said property and right up to the East line of plaintiff's said property, which said wall was constructed of concrete and stones and was so carelessly, negligently and improperly built that it has proved unable to resist the earth pressure from defendant's said lot, in that it was not entrenched in the earth but was built on top of the ground; it was built perpendicular and not battered or sloped backward from the base, and the material used was of an inferior mixture.

"5th. That four years prior to the commencement of this action the said wall began to show evidence of slipping and bulging onto plaintiff's said property and into plaintiff's said driveway, and three years ago plaintiff called defendant's attention to the condition of said wall and demanded that the condition be corrected, but the defendant has failed and refused to do anything about it until at the present time it has slipped onto plaintiff's ground as much as two inches in places at the base, and is bulging in places as much as five and one half inches

into plaintiff's driveway and over plaintiff's said lot, and said condition is gradually growing worse all the time.

"6th. That the slipping, bulging and protrusion of said wall as aforesaid, onto plaintiff's said property and into his said right of way, has caused plaintiff much trouble and annoyance; great inconvenience; made it impossible for him to enjoy the free use of his said property and driveway without injuring his car, all to his damage in the sum of Five Hundred Dollars."

Plaintiff seeks an order directing defendant to correct these conditions. In answer to these allegations defendant alleges the necessity of building the wall as being due to the wrongful and negligent way plaintiff excavated his land for his driveway some twenty years before, thereby leaving defendant's land without support. He also alleges a prescriptive right to maintain his wall as it now stands.

Both parties alleged damages, but this phase of the case is no longer in controversy.

After taking testimony before a jury in an advisory capacity, the lower court rendered findings of fact of which the following are the subject of the present controversy:

"4. That in the summer of 1923, the said plaintiff excavated the land along the west line of defendant's property, in order to level off said driveway, to a depth of two and one-half feet, depriving said defendant of proper and sufficient support for the soil of defendant's land in its natural state; that by reason of depriving said defendant's land of said lateral support, said defendant, in order to prevent further damage to his property by further subsidence to his land, constructed a retaining wall along said boundary line, designated by said plaintiff in making said excavation, at a height of four and one-half feet at the north end of his said property and to a point near the north end of his house, and then dropped said retaining wall down to two and one-half feet extending to the south line of defendant's property; and that thereafter, in 1927, raised said retaining wall from two and one-half feet to four and one-half feet and piled many tons of hauled earth behind said wall in order to level up his property; that said retaining wall was constructed of concrete and stones, and was at the time of the construction perpendicular. That the piling of earth as aforesaid behind the wall was and is the cause of the bulging thereof.

"5. That according to the verdict of the jury the Court finds that six years prior to the comencement of this action said retaining wall encroached upon plaintiff's said property and driveway, and that at

the present time at one place the base of said wall encroaches upon plaintiff's driveway as much as one and eight-tenths (1.8) inches, and that the top of the wall at places encroaches upon plaintiff's driveway as much as five and one-half inches, and at present there are two large cracks in said wall.

"6. That the slipping, bulging and protrusion of the said retaining wall onto plaintiff's said property and into his said driveway has caused and is causing plaintiff much trouble and annoyance and great inconvenience, and made it impossible for plaintiff to enjoy the free use of his property and driveway."

Upon these findings the lower court directed that defendant correct his wall and not allow it to encroach upon plaintiff's property.

Defendant appeals and assigns seven errors, four of which raise the question of the sufficiency of the evidence to support the quoted findings, and two of which raise questions of law as to plaintiff's right to injunctive relief in view of the fact, as alleged, that he initiated the trouble by the way he excavated his driveway compelling the erection of the wall to support defendant's property; and that the judgment is not supported by the findings of fact. The seventh error assigned raises the question of a failure of the court to make a finding upon defendant's alleged prescriptive right to maintain the wall.

In brief the evidence is this:

The wall in places at its base extends upon plaintiff's property as much as 1.8 inches, and at its top as much as five and three-eighths inches. The base is three to four and one-half inches under ground. When first built the wall was four and one-half feet high at the front of the yards and extended that way back to a point on line with the houses where it dropped to two and one-half feet. Subsequently and in less than the prescriptive period the two and one-half feet were raised to four and one-half feet and at the rear, near the garage, were raised to seven and one-half feet. This raising was done by building a rock wall upon the top of the original cement wall. Defendant testified that the wall was placed at the edge of the driveway excavation

as made by plaintiff; that plaintiff then claimed to have located the boundary line between the two properties; and that when constructed it leaned toward plaintiff's property —how much, however, he does not say. Plaintiff testified that by testing the wall with a plum bob, a level, and a line he ascertained at the time it was built that it was not on his property, and that it was perpendicular. The wall began noticeably interfering with plaintiff's use some six years back. Pictures were introduced showing the cracked condition of the wall, and a hole therein testified to as being the result of deterioration. A construction foreman was called who testified that the wall was crumbling and deteriorating and was poorly constructed. Defendant testified that he had placed a lot of dirt behind the wall to level off his ground. Some of the rocks in the rock wall extended into plaintiff's premises.

This evidence certainly supports a conclusion that defendant's wall is encroaching upon plaintiff's premises. It is very weak evidence to support any conclusion that it has not changed from the time it was built. Defendant testified it has not changed; plaintiff testified it has. ■ Plaintiff supports his testimony by evidence of checking it with line, bob and level. Considering the fact that plaintiff's driveway was narrow—limited to six feet two inches in width—it is reasonable to believe that had the wall protruded at the time as much as five and three-eighths inches plaintiff would not have accepted it. This conclusion, viewed in the light of the evidence of the present physical condition of the wall, is rather conclusive that conditions have changed. It makes little difference whether the change be attributed to the weight of the dirt back of the wall or attributed merely to deterioration—that is merely a matter of opinion, either view of which does not aid defendant.

Defendant maintains that plaintiff is not in a position to complain, as it was his acts in leveling off his driveway that necessitated the building of the wall. Even were that conceded, the effectiveness of that plea is conditioned upon a factual finding that there has been no change ■

in the condition and location of the wall since it was first built. Plaintiff may have been willing to accept the wall as first built, be the cause for its construction and its location what it might have been, but that did not bind him forevermore as to results incident to changes in the wall— and changes in the wall are the foundation of the present action.

We are of the opinion that defendant's assignments of error raising the question of the sufficiency of the evidence are not supported by the record. Obviously conditions have developed that if not corrected will deprive plaintiff of the use of his right of way—a condition that is not remedied by merely awarding plaintiff compensation. The evidence of cost of correcting the situation is not out of proportion— the testimony is to the effect that it will cost approximately $632. We see no error in the conclusions of the lower court.

One question remains: What about the failure of the lower court to make a finding upon the issue of prescriptive easement? From what has been said above, it is obvious that such a finding could rightfully be nothing but negative as to defendant, so it cannot be said that he has been prejudiced on the merits by the lack of such a finding. We see no purpose in reversing a case merely upon the ground that the court did not complete its findings of fact when were it to do so the facts so found that would receive support from the evidence would avail appellant—defendant in this case—nothing.

In the case of *Baker* v. *Hatch, Sheriff, et al.*, 70 Utah 1, 257 P. 673, this court held that in equity cases the primary duty to make findings of fact upon the issues rests upon the shoulders of the trial court, and that its failure to make a finding upon a material issue is reversible error (see also *Pike* v. *Clark et al.*, 95 Utah 235, 79 P. 2d 1010), but that where the evidence is not in conflict or greatly preponderates one way or the other, this court not infrequently makes its own findings of fact—that under Section 6995, C. L. 1917, Sec. 104-41-23, U. C. A. 1943, it has the right to make its own findings of fact. Further-

more, it may affirm the lower court's action and return the case with directions to make findings upon the material issues. *Baird* v. *Upper Canal Irr. Co.*, 70 Utah 57, 257 P. 1060. In the present case there is insufficient evidence in the record upon which to find as facts a foundation for defendant's alleged prescriptive right to maintain his wall upon plaintiff's premises. Under the circumstances there is but one finding that could be made upon that issue and that would be as follows: That said wall was not erected upon nor inclined over plaintiff's land or premises; and has not since its erection stood upon or leaned over said land or premises for a period of twenty years or more. It is, however, reasonable to contend from the findings of fact the lower court did make that a negative finding as to the prescriptive right is impliedly included, in which case this court would not send the case back for correction of the omission. See *Genola Town* v. *Santaquin City et al.*, 96 Utah 104, 85 P. 2d 790.

We are of the opinion that the decree of the lower court should be affirmed. It is so ordered. Costs to respondent.

McDONOUGH, WADE, and WOLFE, JJ., concur.

LARSON, Chief Justice (concurring).

The trial court found, as set out in the prevailing opinion, that plaintiff whose land is lower than the abutting and contiguous land of defendant, leveled off his driveway thereby making a 2½ foot cut along the west line of defendant's property. This necessitated construction of a retaining wall to protect defendant's property. The duty and obligation of constructing this wall to a height of 2½ feet was by law imposed upon plaintiff. Since plaintiff owed this obligation of lateral support, plaintiff would be under the obligation to build the retaining wall on own side of the dividing line. Since plaintiff did not built the retaining wall, defendant built one on his (defendant's) own side of the line, instead of on plaintiff's side of the line as he might have done. Plaintiff cannot be heard to complain that the

retaining wall was built, or is now in whole or in part, over on his side of the dividing line at the base and up to a height of 2½ feet, as long as that encroachment is not more than a reasonable width for a retaining wall.

Such additions to the wall as defendant may have constructed to enable him to raise the level of his land above the level it had before plaintiff leveled off the driveway, is an undertaking solely for the benefit of defendant himself. Such wall he must construct on his own property, and he has no right to let any part thereof encroach over the dividing line.

The judgment of the trial court, which the prevailing opinion affirms reads:

"* * * Ordered, Adjudged, and Decreed, that the defendant, George Cayias be, and he is hereby enjoined from allowing his said retaining wall to continue encroaching upon the property of the plaintiff, Jacob S. Dahl, and he is hereby Ordered and Directed to correct the condition now existing and to remove the said encroachment of his said retaining wall * * *."

In carrying out this order and direction the judgment and opinion must be construed as applying only to that part of the retaining wall more than two and one-half feet above the floor of plaintiff's driveway as it existed at the time of the trial in the court below.