278 P.2d 284

**GADDIS INVESTMENT COMPANY, a corporation, and Keith L. Knight, d/b/a Knight Realty Company, Respondents,**

v.

**Charles H. MORRISON, Appellant.**

**No. 8188.**

Supreme Court of Utah.

Dec. 21, 1954.

---

1. Title 55–10–5, Utah Code Annotated 1953.

2. Title 55–10–34, Utah Code Annotated 1953.

3. Ex parte S.H., 1 Utah 2d 186, 264 P.2d 850.

44

D. H. Oliver, Salt Lake City, for appellant.

Benjamin Spence, Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

This is an action to recover a real estate broker's commission under a listing agreement giving the broker the exclusive right to sell. The lower court found for the plaintiff, allowing the amount of the commission with interest and attorney's fees in accordance with the contract.

Appellant listed his property with the broker, respondent here, and the broker procured a buyer, who deposited his earnest money with the broker and signed an offer to purchase. This offer was accepted and signed by appellant as seller. At this time an agent of the broker informed both parties to the contract that he could not participate in the transaction without the approval of the Salt Lake Real Estate Board, inasmuch as the prospective buyer was a Negro. Whether his caution was motivat-

ed by a restrictive covenant in the abstract of title or a policy of the Board not to sell property to a Negro in a predominately white neighborhood is in dispute. Likewise disputed is whether his conversations with the parties indicated that he intended to step out of the entire transaction or merely delay the proceedings until he could obtain the requisite approval. At any rate, he soon received notice that the seller intended to sell the property to the Negro family, whether the Real Estate Board approved or not, and the broker returned the earnest money to the buyer. Defendant claims that because of this action on the part of the broker, it was necessary for him to hire an attorney to handle the transfer of the property, work customarily done by the real estate broker. Fifteen days later, sometime after the property had been sold by defendant to the buyer procured by plaintiff, the broker secured the approval of the Salt Lake Real Estate Board and, when the seller refused to pay the commission stipulated in the contract, brought suit to obtain it.

This case has unfortunately been render more difficult by an injection of the sensitive problem of race prejudice, but we agree with the trial court that the doctrine of Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, and Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149, to the effect that the courts cannot participate in the abridgment of privileges guaranteed under the 14th amendment to the Constitution, although sound in principle, is not applicable here. The plaintiff is not seeking to use the courts to enforce a restrictive covenant nor attempting to gain the sanction of the courts for its particular method of doing business; rather, the real estate company is claiming its rights under a contract with the seller of property. Regardless of the reason for the broker's conduct, the legal question remains the same, i. e., did the broker abandon his contract or waive his right to a commission? The testimony of the defendant's expert witness, an anthropologist, was correctly excluded as being immaterial to the issues of the case.

The defendant's answer raised the issue of abandonment of the contract but the trial court made no finding regarding it. Utah Rules of Civil Procedure, Rule 52 provides:

"In all actions tried upon the facts without a jury * * * the court shall, unless the same are waived, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

It appears that the judgment was based principally upon the findings that the contract was entered into and the commission had not been paid, totally disregarding defendant's answer to the complaint. It has been frequently held that the failure of the trial court to make findings of fact on all material issues is reversible error where it is prejudicial. Hall v. Sabey, 58 Utah 343,

198 P. 1110; Baker v. Hatch, 70 Utah 1, 257 P. 673; Prows v. Hawley, 72 Utah 444, 271 P. 31; Simper v. Brown, 74 Utah 178, 278 P. 529; West v. Standard Fuel Co., 81 Utah 300, 17 P.2d 292; Pike v. Clark, 95 Utah 235, 79 P.2d 1010.

The judgment is set aside and the cause is remanded to the district court, with directions to make findings on the issue of abandonment and to enter judgment in harmony therewith. Each party to bear his own costs on appeal.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.