420 P.2d 615

**LeGRAND JOHNSON CORPORATION, a Utah corporation, and LeGrand Johnson, personally, Plaintiffs and Appellants,**

v.

**James C. PETERSON, Rainbow Natural Stone Distributors, Inc., a Utah corporation, and Rainbow Stone Company, a Utah corporation, Defendants and Respondents.**

No. 10499.

Supreme Court of Utah.

Nov. 30, 1966.

George W. Preston, Logan, Allan E. Mecham, of Clyde, Mecham & Pratt, Salt Lake City, for appellants.

Senior & Senior, George E. Boss and Robert Hafey, Neslen & Mock, Robert G. Pruitt, Jr., Salt Lake City, for respondents.

CROCKETT, Justice:

The plaintiffs sued to enforce a claimed agreement to convey an interest in a certain mining property near Park Valley in western Box Elder County; and to recover money advanced to the defendants. The latter answered and counterclaimed, asserting that any agreement to convey was oral and therefore barred by the statute of frauds; and that any money advanced was but an investment in a joint venture. Upon a trial to the court, it refused relief to either side and entered a judgment of no cause of action against both. However, the court made no findings of fact; and in connection with his ruling made the following statement:

> The court on an informal basis feels that the plaintiffs have a moral entitlement to recover the unrecovered portion of their moneys expended on this joint venture.

The dealings between these parties commenced in June of 1962, when the defendant, James C. Peterson, approached the plaintiff, LeGrand Johnson, to obtain his help in developing a rock-quarrying operation on a mining claim in Box Elder County in which Peterson owned a ⅝ interest. He proposed that Johnson provide finances and become general manager. The latter indicated a willingness to give financial support but said he was too busy to become involved in managing the enterprise.

It is not disputed that Johnson's financial help was accepted, and that he eventually advanced about $44,000. The conflict is over the basis upon which it was accepted and what he was to receive for it. Johnson contends that it was a loan which was to be repaid; and that for financing the enterprise, he was also to receive one-half of Peterson's interest in the mining claim. He further argues that his advance of the money was performance on his part which obviates the statute of frauds. In this connection it is noteworthy that on several occasions the board of directors of the corporation discussed the subjects of money owing to the plaintiff, proposals to repay it, and the conveyance of part of Peterson's interest in the claim to Johnson, none of which were carried out.

Peterson's position is that the plaintiff was to be repaid only out of profits of the joint venture; and that the $19,000 which was repaid to him was almost the entire profits of the enterprise up to that time. He claims that Johnson was to receive one-half of Peterson's interest in the claim only if their rock-quarrying business became successful; and further, that in any event he was not to respond personally, but that the deal involved the other defendants, Brigham M. Griffin, B. H. Harris, Wendell B. Andersen and M. C.

Harris, organizers of Rainbow Natural Stone Distributors, Inc.; and that inasmuch as Johnson knew this, he can look only to the corporation for any further recompense.

Another matter about which there is dispute is plaintiff's charge that two years later, in 1964, the disputed mining claim was used as an asset in creating a new corporation of similar name, Rainbow Natural Stone. Plaintiff avers that this was fraudulent as to himself as a creditor, citing Secs. 25–1–4, 25–1–5 and 25–1–7, U.C.A. 1953.

■ We are at a loss to understand why no findings of fact were made in the instant case. The right to resort to the courts for the adjudication of grievances and the settlement of disputes is a fundamental and important one.[1] An indispensable requisite to fulfilling that responsibility is the determination of questions of fact upon which there is disagreement. It is for this reason that our rules impose the duty of making findings on all material issues. Rule 52 U.R.C.P. provides that: "In all actions tried upon the facts without a jury * * * the court shall, unless the same are waived, find the facts specially and state separately its conclusions of law thereon." In Baker v. Hatch,[2] the court declared:

* * * It is the duty of the trial court to find upon all material issues raised by the pleadings, and the failure to do so is reversible error. [Citing authorities]

The necessity of making findings of fact on the disputed issues is given emphasis in this case by the statement we have quoted above, made by the trial judge: that although he would not allow recovery he "feels that the plaintiff has a moral entitlement" to additional money. This is particularly so because this case is in equity wherein the plea for redress is directed to the conscience of the court. The observation referred to impresses us as a candid indication that the matter was not settled to his satisfaction. However well intentioned, it seems a futile suggestion in the face of difficulties which drove the parties to a lawsuit involving in excess of $25,000. It appears not to have been helpful to the parties, nor to the court in dealing with the already sufficient perplexities which this situation presents.

■ In view of the circumstances hereinabove discussed the conclusion seems inescapable that the case should be remanded for a determination of the facts on the material issues in dispute so there will be a proper foundation upon which to adjudi-

1. See Art. I, Sec. 11, Utah Constitution; Barnhart v. Civil Service Employees Insurance Co., 16 Utah 2d 223, 398 P.2d 873 (1965).

2. 70 Utah 1, 9, 257 P. 673, 676; see also Gaddis Investment Co. v. Morrison, 3 Utah 2d 43, 278 P.2d 284, and cases therein cited.

cate the rights of these parties in accordance with applicable rules of law and equity.

 Having concluded that it is necessary to remand this case for further proceedings, it is our duty to pass on matters which may then become material.[3] Plaintiff called Mr. Jess James as a witness and questioned him as to the reputation of Mr. Peterson for truth and veracity, to which an objection was sustained. The rule is recognized by both our statutory and decisional law that where there is a conflict in the testimony of opposing witnesses, their reputation for truth and veracity is a relevant issue upon which evidence may be presented.[4]

The judgment is vacated and the case is remanded for further proceedings consistent with this opinion, including the taking of any additional evidence that may seem advisable in order that the court may fulfill its responsibility of making findings on all material facts and then rendering such judgment as it deems appropriate thereon. Costs to plaintiff (appellant).

HENRIOD, C. J., and CALLISTER, and TUCKETT, JJ., concur.

McDONOUGH, J., heard the arguments, but died before the opinion was filed.

3. See Rule 76(a), U.R.C.P., Joseph v. W. H. Groves L.D.S. Hospital, 7 Utah 2d 39, 318 P.2d 330.
4. Sec. 78-24-1, U.C.A.1953, states: " * * * in every case the credibility of the witness may be drawn in question * * *

by evidence affecting his character for truth, honesty or integrity * * *." See State v. Marks, 16 Utah 204, 51 P. 1089 (1898); State v. Olson, 100 Utah 174, 176, 111 P.2d 548 (1941).