486 P.2d 1040

LeGRAND JOHNSON CORPORATION, a Utah corporation, and LeGrand Johnson, personally, Plaintiffs and Respondents,

v.

James C. PETERSON et al., Defendants and Appellants.

No. 12272.

Supreme Court of Utah.

July 9, 1971.

Wilford M. Burton, T. Bowring Woodbury, II, of McKay & Burton, Salt Lake City, Lyle W. Hillyard, of Hillyard & Gunnell, Logan, for defendants-appellants.

George W. Preston, of Preston, Harris, Harris & Preston, Logan, Allan E. Mecham, of Clyde, Mecham & Pratt, Salt Lake City, for plaintiffs-respondents.

TUCKETT, Justice.

The plaintiffs commenced these proceedings in the court below seeking to recover money advanced to the defendants and also for specific performance of an oral agreement to convey an interest in certain mining claims to the plaintiff LeGrand Johnson. Defendants answered and counterclaimed, asserting that any agreement to convey was oral and barred by the statute of frauds, and that the money advanced by the plaintiffs was in the nature of a contribution to a joint venture. A trial of the issues was had before the Hon. Marcellus K. Snow, who at the conclusion thereof entered a judgment dismissing the complaint and the counterclaim. From that judgment the plaintiffs appealed to this court, and after hearing we remanded, directing the trial court to make findings of fact.[1]

After remand the trial court made findings of fact, one of which was to the effect that the parties had been engaged in a joint venture.

In the year 1962, the defendant James C. Peterson was the owner of certain mining claims in Box Elder County. Peterson approached the plaintiff LeGrand Johnson to solicit his aid in developing a rock quarrying operation for the purpose of extracting building stone from the claims. Peterson owned five-eighths interest in the mining claims and offered to convey to

---

1. 18 Utah 2d 260, 420 P.2d 615.

Johnson one half of his interest providing Johnson furnished the necessary capital to develop the claims.

During the period that ensued Johnson furnished approximately $44,000 for the purpose of paying for labor, machinery and supplies in developing and carrying on the quarrying operation. The sum of $19,000 was repaid to Johnson from the proceeds of the sales of rock. The business records of the operation were maintained by LeGrand Johnson Corporation, which had the necessary staff and facilities to maintain the records. After Johnson became involved in the operations of the quarry, he learned that Peterson had organized the Rainbow Natural Stone Distributors, Inc., a corporation, which had assumed control of Peterson's interest in the mining claims. From time to time Johnson demanded that Peterson carry out the promise to convey the one-half interest in the claims. It is also noted that Peterson and the directors of the corporation above referred to discussed the repayment of the monies advanced by Johnson and also the conveyance to him of an interest in the claims.

During the year 1964, Peterson and his associates formed a new corporation known as Rainbow Stone Company, which corporation took over the assets of the corporation known as Rainbow Natural Stone Distributors, Inc.

After the case was remitted to the District Court, by agreement of the parties a new trial was had before the Hon. Lewis Jones. Judge Jones heard the matter completely but died before entering findings of fact or a judgment. The Hon. VeNoy Christoffersen was appointed to succeed to the office vacated by the death of Judge Jones. This matter was then presented to Judge Christoffersen and it was agreed by the parties that Judge Christoffersen could consider the records of the prior trials and make a decision based thereon. At that time the court offered to grant to the parties a complete new trial but the parties declined.

After a consideration of the records of the prior trials the court found in favor of the plaintiffs awarding to them the balance of the monies advanced by the plaintiffs to be paid from the rents and profits of the mining claims. The court also found that the plaintiff LeGrand Johnson was the owner of 31¼ per cent of the mining claims and quieted his title thereto. From that decision the defendants have appealed to this court.

The defendants here assign numerous errors which they claim are sufficient to entitle them to a reversal. Firstly, the defendants claim that Johnson promised to put the business on its feet before he was entitled to a conveyance of any interest in the property. As to this claimed error, there was a conflict in the testimony of the witnesses as to the terms

of the contract, and from the testimony the court found in effect that there was no condition precedent to the obligation to perform on the part of the defendants. Secondly, the defendants claim that the court erred in not finding that the contract was barred by the statute of frauds.[2] The trial court was of the opinion that the advancement of monies in the sum of $44,000 by the plaintiffs toward the development of the quarries was a sufficient part performance of the oral contract to remove it from the bar of the statute.[3] We are of the opinion that the record supports the court's conclusion in that regard. Thirdly, the defendants urge that the trial court was bound by the finding of the Hon. Marcellus K. Snow that the plaintiffs advanced the monies as their contribution to a joint adventure. The parties having stipulated that the court in lieu of a new trial could make a decision based upon the records of the two prior trials did not preserve that finding and it is clear that the court was not bound thereby. Pursuant to the agreement of the parties, the court was entitled to make its own independent decision and dispose of the issues.

We have carefully considered the other assignments of error and we conclude that they are without merit. The findings and conclusions of the court below are amply supported by the evidence and we discern no error which would justify a reversal. The judgment of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and ELLETT, HENRIOD, and CROCKETT, JJ., concur.

---

2. Section 25-5-1, U.C.A.1953.

3. Utah Mercur Gold Min. Co. v. Herschel Gold Min. Co., 103 Utah 249, 134 P.2d 1094.