**Jerry V. STRAND, Plaintiff and Respondent,**

v.

**PRINCE–COVEY AND COMPANY, INC., and Almon Covey, Defendants and Appellants.**

**No. 13804.**

Supreme Court of Utah.

April 16, 1975.

Richard J. Leedy, Salt Lake City, for defendants-appellant.

F. S. Prince, Jr., Michael F. Heyrend, J. Rand Hirschi, Prince, Yeates, Ward, Miller & Geldzahler, Salt Lake City, for plaintiff-respondent.

MAUGHAN, Justice:

This matter comes to us on appeal from a summary judgment rendered in favor of plaintiff and against defendants. The matters considered on this appeal are only those leading up to, and culminating in the summary judgment. We take no notice of

the pleadings initiated by defendants after that judgment. The facts underlying this matter are these:

One England was employed by defendant company as a trader, and as an account executive. In the performance of these duties England became indebted to defendant company. This debt was paid by the sale of 4,000 shares of Hoffman Industries stock. This stock, in bearer form, had been pledged by England as security for a loan from a financial institution not here involved. Through its president, defendant Almon Covey, the defendant company paid the balance owing on the loan secured by the stock, recovered the shares of stock, sold the stock through its own facilities, reimbursed itself for the money required to discharge the loan, recovered the money due it because of England's indebtedness, and returned the remaining balance to England. The foregoing facts are not in dispute.

It is the claim of plaintiff that he was the owner of the 4,000 shares of stock; that he had loaned them to England so England might borrow money, using the said shares as security, for the purpose of reducing his obligation to defendant company. Plaintiff further claims that because England was the employee and agent of defendant company, that England's knowledge of the ownership of said stock was imputed to defendants, or that defendants knew or should have known that he was the owner of the said shares.

In support of these contentions plaintiff filed, with his motion for summary judgment, the affidavit of the said England reciting these facts relating to ownership, and the knowledge of defendants. In opposition thereto, defendants filed the affidavit of defendant Almon Covey stating that defendants did not know, nor did they have reason to know, that plaintiff was the owner of the subject shares.

The conflicting statements in the two affidavits raise an issue of fact. Not

as to ownership, for the court could have found and, no doubt, did find that from the plaintiff's deposition wherein he stated he was the owner, and from the affidavit of England. The issue of fact arises, because of our Uniform Commercial Code. The pertinent sections are:

70A–8–301. (1) Upon delivery of a security the purchaser acquires the rights in the security which his transferor had or had actual authority to convey except that a purchaser who has himself been a party to any fraud or illegality affecting the security or who as a prior holder had notice of an adverse claim cannot improve his position by taking from a later bona fide purchaser. "Adverse claim" includes a claim that a transfer was or would be wrongful or that a particular adverse person is the owner of or has an interest in the security.

(2) A bona fide purchaser in addition to acquiring the rights of a purchaser also acquires the security free of any adverse claim.

(3) A purchaser of a limited interest acquires rights only to the extent of the interest purchased.

70A–8–302. A "bona fide purchaser" is a purchaser for value in good faith and without notice of any adverse claim who takes delivery of a security in bearer form or of one in registered form issued to him or indorsed to him or in blank.

70A–8–315. (1) Any person against whom the transfer of a security is wrongful for any reason, including his incapacity, may against anyone except a bona fide purchaser reclaim possession of the security or obtain possession of any new security evidencing all or part of the same rights or have damages.

(2) If the transfer is wrongful because of an unauthorized indorsement, the owner may also reclaim or obtain possession of the security or new security even from a bona fide purchaser if the ineffectiveness of the purported indorsement can be asserted against him under the provisions of this chapter on unauthorized indorsements . . . ..

(3) The right to obtain or reclaim possession of a security may be specifically enforced and its transfer enjoined and the security impounded pending the litigation.

The foregoing statutes give to bona fide purchasers of securities different and greater rights than they would have had if the subject property were chattels or simple contracts. In which instance, under proper circumstances, knowledge of an employee or agent could be imputed to the principal.

Thus, the issue of fact is: Was defendant company a bona fide purchaser for value? The burden of proving that the purchase was for value; that it was made in good faith; and made without knowing, or having reason to know, of any adverse claim; becomes that of defendants.

The judgment is reversed, and the matter remanded for trial.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (Dissenting)

I dissent. I can see no proper conclusion other than that arrived at by the trial court: that in the transaction wherein this stock, even though in bearer form, was dealt with to pay the debt of the defendant Prince-Covey Company, that company could not have been an innocent purchaser because it was charged with the knowledge of its employee-agent, England. Though my colleagues are of the opinion that the matter should be remanded for trial, it is this court's duty to comment on matters of law that may become pertinent therein.[1] Where a principal (Prince-Covey) has invested its agent with actual or ostensible

---

1. See Rule 76(a), U.R.C.P.; LeGrand Johnson Corp. v. Peterson, 18 Utah 2d 260, 420 P.2d 615.

authority to deal for it, which the latter does, and from which the principal derives some benefit, the corporation cannot take advantage of the favorable aspects of the agent's conduct and disclaim responsibility for the other aspects of his conduct; and it is charged with whatever knowledge he acquires in connection with such business.[2]

2. Foster v. Blake Heights Corp., Utah, 530 P.2d 815; and see Annot. 4 A.L.R.3d 224, 12 C.J.S. Brokers § 137, p. 347.