WALTER W. FISCHER *v.* VIOLA M. PATTERSON.

*Frank E. Blackburn* for the plaintiff.

**320**

*Ovila J. Gregoire* for the defendant.

JOHNSTON, C. J. Although the plaintiff's declaration made no reference to the express contract between the parties, it was introduced in evidence and the case was tried as if their rights were determined by it. No objection has been made to the form of the plaintiff's pleading. Accordingly, the case is treated as one of special assumpsit on a written contract.

The finding that the plaintiff did not produce a customer willing and able to buy does not dispose of the plaintiff's claim for a commission. Under the provisions of the agreement, "Exclusive Authorization to Sell," not only would the plaintiff earn a commission if he sold said property within three months but in the alternative he would also be entitled to one upon the happening of a certain event, namely, a sale of the property within ninety days after the termination of the contract to parties with whom the plaintiff negotiated during its life. "Thus, the contract of employment may provide that the agent's compensation is dependent only upon the happening of an event, irrespective of whether or not the agent's efforts have produced it." Restatement, Agency, s. 448 (b). *Hoskins* v. *Fogg*, 60 N. H. 402. Since it is not disputed that the plaintiff negotiated with the Bickfords, who subsequently bought the property within ninety days of the expiration of the term of the contract, the plaintiff is entitled to a commission if the relevant provisions of the contract were still in effect at the time of the sale and transfer to the Bickfords.

There was evidence tending to show that the contract was extinguished before the sale through the second broker either by mutual agreement or by rescission on the part of the defendant. The defendant testified that she "left word . . . to take it out of [the plaintiff's] hands . . . told him I was going to put it in Mr. Baxter's hands again," and it appeared that the plaintiff had said that he did not wish to "spend any more time on it," and notified the defendant that he was not interested in selling the property. There was also evidence that any lack of action on the part of the plaintiff may have been caused by an unduly high price placed upon the property by the defendant. It could be found that, as a result of this attitude on the part of the plaintiff, the defendant took the property from the hands of the plaintiff and gave it to Mr. Baxter to sell.

A broker owes the owner of real estate the duty of using reason-

able efforts to make a sale where that is the purpose of his employment. Restatement, Agency, s. 377 (b). Such efforts should be greater where the agency of the broker is an exclusive one, for then the owner is so much more dependent upon the broker's services. If it should be found on a new trial, that the plaintiff breached this duty and that the breach justified a rescission of the contract of agency by the defendant, then it could be found that at the time of the sale to the Bickfords the contract with the plaintiff was no longer in force. If the contract had been rescinded or otherwise extinguished, then the plaintiff would not be entitled to a commission upon the happening of the event of a sale made by another agent. It is a question of fact upon all the evidence, with respect to which fact no opinion is intended hereby to be expressed, whether the contract was extinguished by mutual agreement or by rescission or whether the defendant is liable to the plaintiff under its provisions. *Larose* v. *Porter*, 87 N. H. 241, 246. See also, *Bates St. Shirt Co.* v. *Place*, 76 N. H. 448.

*New trial.*

All concurred.