289 P.2d 730

GADDIS INVESTMENT CO., a corporation, and Keith L. Knight, d/b/a Knight Realty Co., Respondents,

v.

Charles H. MORRISON, Appellant.

No. 8353.

Supreme Court of Utah.

Nov. 16, 1955.

D. H. Oliver, Salt Lake City, for appellant.

Benjamin Spence, Salt Lake City, for respondents.

WADE, Justice.

This is a suit by real estate brokers for commissions under an exclusive listing contract. The lower court had found in favor of the brokers and entered judgment accordingly. On a prior appeal of this case this court reversed because the lower court had failed to make findings as to whether the brokers had waived or abandoned their rights under the contract and remanded the case back to that court "with directions to make findings on the issue of abandonment and to enter judgment in harmony therewith." That decision is reported in 3 Utah 2d 43, 278 P.2d 284, 285.

In conformance with this direction, the lower court, which had been the trier of the facts, made findings of fact and found that the Knight Realty Co. had not abandoned the contract with appellant and that the acts

of the Gaddis Investment Co. in delaying the sale was not unreasonable and did not constitute an abandonment of the rights of the Knight Realty Co. However, the court dismissed the action of the Gaddis Investment Co. for commissions because it was not a party to the listing agreement. The present appeal is from the judgment in favor of Knight Realty Co.

Appellant contends that the finding that Knight Realty Co. did not abandon the rights obtained under the contract was contrary to and not supported by the evidence. Whether or not there has been an abandonment is a question of fact to be determined from the evidence. See Fischer v. Patterson, 97 N.H. 318, 86 A.2d 851. The instant case was not remanded for a new trial and no new facts were adduced. In remanding it back for findings by the court on this material issue, there was implicit in our ruling that the evidence was such that the court could reasonably find that there either was or was not an abandonment. This became the law of the case and this court will not review the evidence again, even though if it were the finder of the facts it might have found differently. See Helper State Bank v. Crus, 95 Utah 320, 81 P.2d 359.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.