413 P.2d 894

Werner KIEPE, Plaintiff, Appellant
and Cross-Respondent,

v.

Eli D. LeCHEMINANT, Defendant, Respond-
ent and Cross-Appellant.

No. 10310.

Supreme Court of Utah.

May 5, 1966.

Moffat, Iverson & Elggren, J. Grant Iverson, Salt Lake City, for appellant.

Backman, Backman & Clark, Salt Lake City, for respondent.

RUGGERI, District Judge.

Werner Kiepe sued Eli D. LeCheminant for dissolution and accounting of a partnership upon which they had embarked on October 1, 1943, to operate as real estate brokers, and to conduct such business as is generally followed in the pursuance of a general real estate business and insurance agency to be known as Kiepe-LeCheminant Realtors.

On March 12, 1964, the trial court, after a lengthy trial, made a judgment, which among other things provided that such judgment constituted an accord and satisfaction between the parties. By its further terms said judgment provided that the court

retained jurisdiction of the action to hear and determine any unresolved disputes which might then exist or that might thereafter arise between the parties.

After the said judgment of March 12, 1964, had become final, both the plaintiff and the defendant filed petitions, one against the other, for Orders To Show Cause why the other party should not be punished for contempt for his failure to comply with the judgment of the court. The defendant, in his application for an Order To Show Cause, alleged that the plaintiff had failed to furnish a statement of partnership income from January 1, 1963, to February 1, 1964, although repeatedly requested so to do. The plaintiff, in his counter-application for an Order To Show Cause, asserted that the defendant had appropriated to himself certain assets of the partnership and had interfered with the conduct by the plaintiff of the partnership business. The trial court held numerous hearings and conferences to resolve the issues between said parties. At said hearings the respective parties raised various related, interrelated and collateral disputed issues incident to a final determination of their respective rights and obligations in the final dissolution of their relationship.

On November 9, 1964, the trial court signed what was designated as an "Order," which was intended to be a final adjudication of all contested issues. Both parties recognized said "order" as being a final judgment. The plaintiff moved for a new trial, setting up the failure of the trial court to make and enter findings of fact and conclusions of law in support of its "Order" and for an amendment of its said "Order" or judgment. There was no ruling on the motion for a new trial, and the court denied the motion for amendment of its judgment. Whereupon the plaintiff appealed and the defendant cross-appealed from certain portions of the "Order" that both parties treated as a judgment. As contended by the plaintiff on appeal, there are no pleadings upon which to base the trial court's judgment, and no findings of fact or conclusions in support of the trial court's ruling upon which the appeal is predicated. There is a vast record of mathematical disputations, technical transactions related to the type of business involved, and conflicting factual issues.

The duty to make findings rests primarily upon the trial court, which is in a better position to determine the weight of the testimony than the Supreme Court. Baker v. Hatch, 70 Utah 1, 257 P. 673. In the instant case, which was tried piecemeal, with numerous scattered hearings and rulings between October 17, 1963, and the date of appeal in 1965, the necessity for findings of fact is even more demanding in rendering an assist to this court in arriving at a judicious conclusion. Furthermore,

failure to act on the motion for a new trial raises a possibility of prematurity of appeal.

The judgment appealed from is vacated and set aside. The cause is remanded to the trial court for the making of findings of fact, conclusions of law and a judgment based thereon, and/or for such further proceedings as the trial court in its discretion may deem advisable in the premises. Each party to bear its own costs.

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate herein.