453 P.2d 140

Werner KIEPE, Plaintiff, Appellant and Cross-Respondent,

v.

Eli D. Le CHEMINANT, Defendant, Respondent and Cross-Appellant.

No. 10767.

Supreme Court of Utah.

April 11, 1969,

J. Grant Iverson, of Moffat, Iverson & Taylor, Salt Lake City, for appellant.

Milton V. Backman, of Backman, Backman & Clark, Salt Lake City, for respondent.

SWAN, District Judge:

This case is an appeal from a judgment rendered in the lower court in an action brought by the plaintiff against the defendant for an accounting upon the dissolution of a partnership. The parties were engaged in the real estate and insurance agency business under a partnership agreement dated October 1, 1943, until plaintiff gave notice of termination of the partnership on December 30, 1962.

After a lengthy trial in November and December of 1963, and a subsequent hearing in February 1964, a judgment was entered on March 12, 1964. Further hearings were had in June of 1964 and an "Order" was entered on November 9, 1964. The plaintiff appealed and the defendant cross-appealed from certain portions of the "Order" dated November 9, 1964, which both parties treated as a judgment. On the appeal, this court sustained plaintiff's contention that there were no findings of fact or conclusions to support the trial court's order and the cause was "remanded to the Trial Court for the making of findings of fact, conclusions of law and judgment based thereon, and/or for such further proceedings as the Trial Court in its discretion may deem advisable in the premises." (Kiepe v. Le Cheminant, 17 Utah 2d 431, 413 P.2d 894.)

The trial court, on June 27, 1966, made and entered findings of fact, conclusions

of law and judgment. On July 1, 1966, the plaintiff filed a motion for new trial and for amendments of the findings of fact, conclusions of law and judgment, and thereafter the trial court denied the motion for new trial and the motion to amend. It is from the judgment and findings of fact entered on June 27, 1966, that the plaintiff now appeals.

Plaintiff's first point on appeal is that defendant was awarded the sum of $2500 for his efforts for service for a period of 13 months subsequent to the date of dissolution of the partnership in preserving the mortgage loan asset of the partnership. He contends that the award is not supported by the evidence and that the issue was tried on February 13, 1964, and was adjudged against the defendant by the judgment of March 12, 1964, which judgment had become final and was res judicata on that issue at the time of entry of the judgments of November 9, 1964, and June 27, 1966. Plaintiff further appeals from the findings of fact which provides that the compensation awarded to the defendant in the sum of $2500 for preservation of assets should be added to the sum of $17,066.-93 shown as a credit due defendant from the credit shown as due plaintiff in the account of $10,847.05, in order to carry out the judgment as same applied to the graduated bonus plan of the partnership in determining commissions to be allocated to

each party, and which amounts to the sum of $1070, of which each party is entitled to one-half thereof, or $535, bringing total credits to $20,101.93 to which defendant is entitled, less refunds of $3,668.71 ordered to be made by the defendant, resulting in a net credit to defendant of $16,443.23, out of the cash on hand of $28,723.98, shown by the account.

The defendant cross appeals from said judgment and contends that the court erred in adjudging that the compensation paid to Ruth Barlow and R. L. Christensen should be allowed as a partnership expense, that the award of $2500 to defendant should be $5000, that the court erred in charging the fee of Lawrence S. Pinnock, C.P.A., to the partnership, and that the court erred in finding that the defendant is entitled to receive only the sum of $16,433.23 out of the cash on hand of $28,723.93.

This court in its prior decision recognized that the trial court's judgment of March 12, 1964, contemplated further proceedings to determine any unresolved disputes between the parties. Whatever else may be said about the judgment of March 12, 1964, if looked at in its total effect it is properly regarded as a conditional judgment because it looked forward toward the use of further information to be ascertained and supplied and a disposition made

thereof. For example, in Paragraph 9 the judgment provides:

All income of each party from January 1, 1963 to February 1, 1964—a period of 13 months—is hereby ordered to be received and distributed in the same manner as provided by the partnership agreement and as has been heretofore received and distributed * * *.

and proceeds to specify other conditional provisions, and in final Paragraph 11 it provides in part:

The Court retains jurisdiction of this action to hear and determine any unresolved dispute which may now exist or which may hereafter arise between the parties relative to the subject matter of this action.

Even though it is provided that the judgment is to constitute an accord and satisfaction of all the claims of the parties against each other, it also plainly appears that at the time of the entry of that judgment the trial court did not have the full data and information to make the detailed disposition of the rights and interests of the parties, and for that purpose recited in Paragraph 11 that it retained jurisdiction to hear and determine any unresolved disputes. On June 13 and 24, 1964, the court held further hearings on the two applications for orders to show cause in an effort to resolve the issues. Briefs were submitted, and on September 14, 1964, the court filed its memorandum decision, the terms of which were set forth in the "Order" dated November 9, 1964. The fault the court found with that judgment on the prior appeal was that it was not supported by findings of fact and conclusions of law. (There may have been misunderstanding because counsel for the parties treated the matter as an order made on hearing the two applications for orders to show cause.)

After the case was remanded, the trial court made and entered its findings of fact, conclusions of law and judgment. It is our opinion that the matters complained of in the appeal and in the cross-appeal were not matters that were put to rest in the judgment of March 12, 1964, but that they were all unresolved disputes between the parties relative to the subject matter of the action over which the trial court had expressly retained jurisdiction. The trial court's judgment dated June 27, 1966, is now supported by findings of fact and conclusions of law, and we think these are in turn supported by the evidence.

The judgment is affirmed, with each party to bear his own costs.

CALLISTER and TUCKETT, JJ., concur.

**338**

ELLETT, Justice (dissenting).

I dissent. The trial court allowed the defendant $2500 for services rendered subsequent to dissolution of the corporation. While there is authority to the contrary, the general rule is that a partner is not entitled to compensation for such services. The law is stated in 68 C.J.S. Partnership § 395 as follows:

> Under most authorities, a partner is not entitled to compensation for his services in winding up firm affairs after dissolution, in the absence of an express or implied agreement for compensation.

Another item of dispute involves salary paid to two employees who assisted plaintiff after dissolution. If a partner is not entitled to receive compensation for services rendered in winding up a partnership business, I can see no reason why he should be reimbursed for hiring somebody else to do the job.

I would remand the case with instructions to eliminate from the partnership accounting the items of salary for defendant, R. L. Christensen, and Ruth Barlow, and would otherwise affirm the judgment.

HENRIOD, J., not participating.

CROCKETT, C. J., having disqualified himself, does not participate herein.